# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-1575V
Filed: April 22, 2022
UNPUBLISHED

|  |  |
|---|---|
| MELISSA HOWIE,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Special Master Horner<br><br>Attorneys' Fees and Costs Decision |

*Braden Andrew Blumenstiel*, The Law Office of DuPont & Blumenstiel, Dublin, OH, for petitioner.
*Claudia Barnes Gangi*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

  On July 1, 2021, petitioner moved for an award of attorneys' fees and costs in this compensated case.  (ECF No. 117.)  Petitioner requests a total award of $80,052.80[2] for her counsel and confirms pursuant to General Order 9 that she herself did not incur any expenses in prosecution of her claim. (*Id*. at 3.)  In response, respondent confirms that the statutory requirements for an award of attorneys' fees and costs is met in this case but otherwise defers to the special master regarding the

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

[2] When the case was initially filed, petitioner was represented by James Blumenstiel, who retired subsequently retired.  Braden Blumenstiel became counsel of record on January 2, 2018.  Petitioner requests attorneys' fees and costs be awarded to each counsel separately.  The fees and costs breakdown as follows:  $26,842.50 in attorneys' fees and $966.29 in costs to James Blumenstiel and $42,518.38 in attorneys' fees and $9,824.30 in costs to Braden Blumenstiel.  Petitioner's motion actually misstates the amounts at issue.  Whereas Braden Blumenstiel's billing records reflect $42,518.38 in attorneys' fees, the motion states the total as $42,420.00. (*Compare* ECF. No. 117-5, p. 10 and ECF No. 117, p. 3.)  Whereas James Blumenstiel's billing records reflect $966.29 in costs, the motion states that he incurred $966.00 in costs. (*Compare* ECF No. 117-2, p. 4 and ECF No. 117, p. 3.)

1

amount of the award. (ECF No. 118.)  No reply was filed.  I have reviewed petitioner's application in its entirety and award attorneys' fees and costs in the reduced amount of $63,202.72 for the reasons discussed below.

James Blumenstiel's billing records include the following entries that require adjustment.  In July of 2016, Mr. Blumenstiel billed at his full rate for a total of 5 hours of travel time.  (ECF No. 117-2, p. 1.)  This will be reduced by half.[3]  Additionally, he included several activities that are best described as secretarial in nature.  These will not be compensated.[4]  Specifically, the following reductions are made:  9/26/2016 – "scan as exhibits 1200 pages of records" (2.15 hours); 11/28/2016 – "prepare all docs. For electronic filing and filed petition" (2.6 hours); 1/16/2017 – "BATES STAMP/SCAN/MARK EXH. ALL MED.RECS.&AFFS./file" (5.75 hours); 5/2/2017 – "copy and address envelope to Resp. Att. For mailing Notice of Change of Address" (.25 hours); 6/20/2017 – "scan/burn exh. #13 on 3 discs for Court and Resp., draft and file notice of intent to file CD" (1.8 hours); 8/10/2017 – "mark, scan, draft notice of filing exhibits and finalize file" (1.2 hours); 8/17/2017 – "burn exhibits on 2 CD's for sending with letter of engagement" (1.75 hours); 8/18/2017 – "scan exh. #13 at Staples for burning to a disc" (1.6 hours); 8/18/2017 – "copy certain exhibits to mail with expert letter" (.7 hours); 12/26/2017 – "copy pertinent documents for transfer file to Braden" (.75 hours). (*See* ECF No. 117-2, pp. 1-4.)  In total, these reductions total $4,736.25 (21.05 hours x $225 per hour).

Braden Blumenstiel asserts a rate of $350 per hour which he suggests is consistent with a forum rate for an attorney with 16 years of overall legal experience and 12 years of experience handling Vaccine Act cases.  (ECF No. 117-4, p. 1.) However, Mr. Blumenstiel has previously been awarded (and billed at) $225.00 per hour for all work performed in 2017 to 2021.  *See, e.g., Lawrence v. Sec'y of Health & Human Servs.*, No. 14-835V, 2021 WL 5410246, at *2 (Fed. Cl. Spec. Mstr. Oct. 27, 2021); *Bailey v. Sec'y of Health & Human Servs.*, No. 15-1417V, 2021 WL 4270225, at *2 (Fed. Cl. Spec. Mstr. Aug. 18, 2021); *King v. Sec'y of Health & Human Servs.*, No. 17-625V, slip op. at 3 (Fed. Cl. Spec. Mstr. Jun. 10, 2020).  Apart from citing $350 as a "standard" rate for an attorney with his level of experience, Mr. Blumenstiel does not specifically address or substantiate a departure from what he has previously billed and been awarded.  Nor do I find that his performance specific to this case could warrant any upward adjustment.[5]  The undersigned will apply the previously awarded hourly rate

---

[3] Travel time in this program is usually billed at 50% of an attorneys' typical rate.  *E.g. O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *7 (Fed. Cl. Spec. Mstr. April 28, 2015) (explaining that there is no bright line rule, but that the Vaccine Program commonly awards attorneys half their established billing rate for time travelling).  Although this is technically a rate reduction, for ease of calculation I will reduce the hours by 50%, an equivalent reduction.

[4] This program does not pay for tasks which are secretarial in nature. *Guy v. Sec'y of Health & Human Servs.,* 38 Fed. Cl. 403, 408 (1997) (denying compensation for office overhead including office supplies, administrative or clerical staff, and secretarial support.)

[5] In an order to show cause issued September 19, 2019, I warned that: "Unfortunately, due to petitioner's counsel's performance, this case is in danger of dismissal for failure to prosecute for the third time since Mr. Braden Blumenstiel became counsel of record. Petitioner's counsel has made excessive requests for

2

of $225.00 per hour to the 97.7 hours billed by Mr. Blumenstiel in this matter,[6] resulting in a reduction of $12,212.50.[7]

Based on my review, the remainder of the fees and costs requested are reasonable and appropriate. Accordingly, petitioner is awarded attorneys' fees and costs in a reduced amount of $63,202.72.

In light of the above, petitioner's application for interim attorneys' fees and costs is **GRANTED** with reductions and **petitioner is awarded $63,202.72 as follows:**

- **a lump sum in the amount of $23, 072.54, representing reimbursement for $22,106.25 in attorneys' fees and $966.29 in attorneys' costs, in the form of a check made payable to petitioner and her counsel, James Blumenstiel, Esq.; and**

- **a lump sum in the amount of $40,130.18, representing $30,305.88 in attorneys' fees and $9,824.30 in attorneys' costs, in the form of a check made payable to petitioner and her counsel, Braden Blumenstiel, Esq.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[8]

**IT IS SO ORDERED.**

s/Daniel T. Horner
Daniel T. Horner
Special Master

---

additional time to complete necessary filings and has allowed deadlines to lapse on four separate occasions without filing anything on behalf of petitioner." (ECF No. 90, p. 3.)

[6] In her motion, petitioner indicates that Mr. Braden Blumenstiel billed 121.2 hours in this case (ECF No. 117, p. 3); however, based on the billing records filed this total includes paralegal time (ECF No. 117-5.)

[7] Because Mr. Blumenstiel's billing records do not provide separate hour tallies for attorney and paralegal time, this reduction was calculated as follows: The differential between the requested and awarded hourly rate is $125 per hour. Multiplied by the 97.7 hours of attorney time tallied by the undersigned, this equals a reduction of $12,212.50.

[8] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).